IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
JULY 1999 SESSION



FILED

September 10, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE** | * | C.C.A. # 02C01-9903-CC-00101 |
| Appellee, | * | HENDERSON COUNTY |
| VS. | * | Honorable Roy Morgan, Jr, Judge |
| **RICHARD SMITH,** | * | (Probation Revocation--Sale of Cocaine) |
| Appellant. | * | |

FOR THE APPELLANT:

CLIFFORD K. McGOWN (on appeal)
113 North Court Square
Waverly, TN 37185

GEORGE MORTON GOOGE (at trial)
District Public Defender

MICHAEL DEAN RASNAKE
Assistant Public Defender
227 West Baltimore Street
Jackson, TN 38301

FOR THE APPELLEE:

PAUL G.  SUMMERS
Attorney General & Reporter

CLINTON J. MORGAN
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243

JAMES G. (JERRY) WOODALL
     District Attorney General

BILL R. MARTIN
Assistant District Attorney General
777 West Church Street
Lexington, TN 38351

OPINION FILED: _____

**AFFIRMED - RULE 20**

**JOHN EVERETT WILLIAMS,**

Judge

# OPINION

The defendant, Richard Smith, appeals a judgment from the Circuit Court of Henderson County revoking his probation. The defendant does not contest that he violated the terms of his probation. He argues only that the trial court erred in fully revoking his probation. He asserts that he should have been incarcerated for a short time and then returned to intensive probation. We AFFIRM the judgment from the trial court.

In 1991, pursuant to a negotiated plea, the defendant was convicted of three counts of the sale of cocaine, a Schedule II controlled substance, and was sentenced to nine years on each count, with his sentences to run concurrently. The trial court ordered that the defendant serve four months in jail and the remaining eight years and eight months on community corrections. In March of 1994, however, the defendant was transferred from community corrections to probation, as allowed by statute. See Tenn. Code Ann. § 40-36-106(e)(3)(A) (trial court may transfer an offender from community correction to probation if certain requirements are satisfied).

The defendant then violated his probation by acquiring new convictions, by testing positive for use of drugs, and by absconding to Florida for approximately two years. On June 8, 1998, the trial court revoked his probation, sentenced him to ninety days in the county jail, and placed him on intensive probation for the remaining balance of his original sentence.

On October 27, 1998, the defendant's probation officer filed the instant probation violation report, alleging that the defendant had tested positive for marijuana or cocaine use on four separate occasions. After a hearing, the trial court found that the defendant had violated the conditions of his probation and

entered an order that revoked his probation and ordered him to serve his sentence in the Department of Correction.

The defendant does not contest that he violated the terms of his probation. He argues only that the trial court erred in fully revoking his probation. He asserts that he should have been incarcerated for a short time and then returned to intensive probation.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310 to -311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. State v. Harkins, 811 S.W.2d 79 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation of probation or community correction sentence has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, and did not act arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

We conclude that the evidence does not preponderate against the findings of the trial court, and we find no error of law mandating reversal. Therefore, pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, we AFFIRM the judgment from the trial court.

-3-

_____
JOHN EVERETT WILLIAMS, Judge

-4-

CONCUR:


_____
JOSEPH M. TIPTON, Judge




_____
JAMES CURWOOD WITT, JR., Judge